**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ENRIQUE ZUNIGA-MORENO** | **CIVIL ACTION NO.  1:25-CV-02149** |
| | **SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **BRIAN ACUNA ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Enrique Zuniga-Moreno ("Zuniga-Moreno"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana.  Zuniga-Moreno challenges his pre-removal order detention under 8 U.S.C. § 1225(b).

Because Zuniga-Moreno's detention is lawful, the Petition (Doc. 1) should be DENIED and DISMISSED WITHOUT PREJUDICE.

### I.    Background

Zuniga-Moreno is a native and citizen of Mexico, who entered the United States without admission or parole.  Doc. 7-1 at 1.  He has been detained since November 14, 2025.

Zuniga-Moreno was in removal proceedings when the Petition was filed. However, on February 19, 2026, an immigration judge ordered that Zuniga-Moreno

1

be removed.  Doc. 7-2 at 1.  Zuniga-Moreno did not appeal,[1] so the removal order became final the following month, on or around March 19, 2026.  *See* 8 CFR § 1241.1(a).

## II.   Law and Analysis

Zuniga-Moreno challenges his pre-removal order detention under 8 U.S.C. § 1225.  However, he is now subject to a final order of removal.  After an alien is ordered removed, the Government has 90 days within which to effectuate the removal.  *See* 8 U.S.C. § 1231(a)(1)(A).  Detention during this period is mandatory.  *Id.* at § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").

Zuniga-Moreno's removal order became final in March.  Therefore, the 90-day removal period has not expired, and his detention is mandatory under § 1231(a)(2)(A).

## III.   Conclusion

Because Zuniga-Moreno's detention is lawful, IT IS RECOMMENDED that the Petition (Doc. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

---

[1] https://acis.eoir.justice.gov/en/caseInformation

6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 20th day of May, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

3